Dear Mr. Landry:
This office is in receipt of your request for an opinion of the Attorney General in regard to meetings of the governing authority of a Lawrason Act community.
You indicate the Town of Broussard has meetings scheduled for the Board of Aldermen on the second and fourth Tuesdays of each month at 5:45 p.m. at City Hall. The mayor canceled a Tuesday meeting by placing a notice at City Hall since the only item on the agenda was withdrawn by the citizen who requested it. The mayor felt since there was nothing to discuss, there was no need for the meeting, and it would save taxpayers money.
Also, the mayor is resisting calling of special meetings on the basis it is needless expense and the business can be handled at the regularly scheduled meetings. He feels that special meetings should only be called when something out of the ordinary has to be handled by the Town.
Based upon these facts your ask the following questions:
 1. Can the Mayor of a Lawrason Act municipality cancel a regularly scheduled meeting of the Board of Aldermen when there is nothing to be discussed at that meeting; and
 2. Is the Board of Aldermen limited in any way as to the number of special meetings they may call per month.
R.S. 33:405 provides that the mayor and board of aldermen shall hold not less than one regular meeting in each month on a date and at a place and hour to be fixed by ordinance. Based upon this statute and the statement that meetings are regularly scheduled on the second and fourth Tuesdays of each month, we must conclude that these meeting times are set by ordinance. We are of the opinion that the mayor, on his own initiative, cannot cancel a regular meeting set by ordinance which is the law of the municipality.
We find support for this conclusion in R.S. 33:405(F). That paragraph provides a meeting, whether regular, special, or emergency, "may be continued" to another day announced at the meeting with the consent of a majority of the members of the board, and where there is a lack of a quorum, the meeting may be continued to a date announced at the meeting with the consent of the majority of aldermen present, or if only one is present, he sets a date. This indicates to us the procedure to be followed is to continue a meeting to another date, or simply adjoin, rather than having the mayor unilaterally cancel a meeting set by ordinance.
R.S. 33:405(C) states special meetings of the mayor and board of aldermen "may be called by the mayor or a majority of the members of the board. This office has recognized that R.S.33:405 requires at least one regular meeting per month, but found there is no maximum limit for the regular or special meetings called per month. Atty. Gen. Op. No. 82-338.
We note that R.S. 33:405 had provided that special meetings of the mayor and board of aldermen could be called "for the transaction of important business at the instance of the mayor or any aldermen", but by Act 890 of 1985 it now simply states that special meetings may be called by the mayor or a majority of the members of the board" without the specification it be for the transaction of important business.
Thus, we must conclude that the Board of Aldermen are not limited by state law in the number of special meetings they may call, and a special meeting may be called by a majority of the members of the board as long as there is compliance with the public notice requirements.
We hope this sufficiently answers your questions.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 BY: BARBARA B. RUTLEDGE Assistant Attorney General BBR